IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Maryland)

| | |
|---|---|
| **GREGORY PATTERSON,** | * |
| **Plaintiff** | * |
| v. | * |
| **WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A., et al.** | * |
| **Defendants** | Civil Action No.: 8:10-cv-02635-PJM |

\* \* \* \* \* \* \* \*

## MOTION TO DISMISS

## AND ALTERNATIVELY,

## MOTION FOR SUMMARY JUDGMENT

NOW COMES, Weinstock, Friedman & Friedman, P.A., Defendant, by and through its attorneys, Sidney S. Friedman, Rosemary E. Allulis, and Weinstock, Friedman & Friedman, P.A., and pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), and alternatively pursuant to Rule 56, herein moves this Court to dismiss the Amended Complaint or grant Summary Judgment in its favor, and in support states as follows:

1. The Amended Complaint fails to set forth viable causes of action under the Fair Debt Collection Practices Act and Telephone Consumer Protection Act.

2. Without deciding the merits of the remaining Counts, the Court should dismiss any remaining state law Counts under its discretionary power, pursuant to 28 U.S.C. § 1367

(c)(3).

WHEREFORE, Weinstock, Friedman & Friedman, P.A., Defendant, requests this Honorable Court to:

A. Dismiss the Amended Complaint in its entirety;

B. Grant to Defendant its attorneys fees in responding to the Complaint, and the Amended Complaint.

January 13, 2011                              Respectfully submitted,

                                              WEINSTOCK, FRIEDMAN
                                              & FRIEDMAN, P.A.


                                                      /s/ Sidney S. Friedman
                                              Sidney Friedman
                                              Federal Bar No.: 00350
                                              ssf@weinstocklegal.com
                                                      /s/ Rosemary E. Allulis
                                              Rosemary E. Allulis
                                              Federal Bar No.: 26625
                                              rea@weinstockfriedman.com
                                              4 Reservoir Circle
                                              Baltimore, Maryland 21208
                                              (410) 559-9000
                                              (410) 559-9009 Fax
                                              Attorneys for Weinstock, Friedman & Friedman,
                                              P.A., Defendant

<div style="text-align:center">

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Maryland)**

</div>

| | |
|---|---|
| **GREGORY PATTERSON,** | * |
| **Plaintiff** | * |
| v. | * |
| **WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A., et al.** | * |
| **Defendants** | Civil Action No.: 8:10-cv-02635-PJM |

\*   \*   \*   \*   \*   \*   \*   \*

<div style="text-align:center">

**<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS</u>**

**<u>I. INTRODUCTION AND STATEMENT OF FACTS</u>**

</div>

Plaintiff, Gregory Patterson, has filed an Amended Complaint against Weinstock, Friedman & Friedman, P.A., and ten unnamed Defendants, relating to alleged telephone calls made from Defendant's place of business to the Plaintiff's telephone number. *See* Amended Complaint at ¶12. Weinstock, Friedman & Friedman, P.A. (hereinafter "WFF" or Defendant) is a full-service law firm that as part of its practice, provides debt collection services for its clients. As part of that service, telephone calls are made to debtors in an attempt to collect debts owed to the firm's clients. Employees working in this department are trained in various statutes, including the Fair Debt Collection Practices Act, and are also trained to cease calling a debtor who has filed bankruptcy. *See* Affidavit of Steven Myers, Collection Manager, attached hereto.

<div style="text-align:center">3</div>

The Complaint alleges four causes of action against WFF, each based upon "over 100 calls" that were allegedly made from WFF's office to Plaintiff in the past year. *Id.* at ¶ 14. Plaintiff admits that these calls were not intended for Plaintiff, but that WFF made the calls "looking for a Telishia Robinson." *Id.* at ¶ 12. Plaintiff further alleges that the calls were made to "his telephone with phone number (301) 617-9577." *Id.* at ¶ 12.

As WFF previously stated in its Motion for a More Definite Statement, despite a thorough search of its records, WFF has been unable to locate anyone by the name of "Telishia Robinson." WFF did locate a person in its system by the name of "Talisha Robinson." *See* Affidavit of Steven Myers. However, despite Plaintiff's claims that WFF called him "over 100 times" looking for Talisha Robinson (hereinafter "Robinson"), the facts are that the WFF file was opened and closed within a very short time frame, with only two calls ever made to (301) 617-9577. *Id.*

A new case referral with claims information was sent to WFF by its client, and WFF opened the Robinson file on July 2, 2010. *Id.; see also* Exhibit 1[1], attached hereto. A public records search was conducted on Lexis to verify Robinson's telephone number, and the search confirmed the number to be (301) 617-9577. *Id.* On July 14, 2010 at 3:13 p.m., a WFF employee called (301) 617-9577 and left a message on an answering machine. *Id.* On July 27, 2010 at 1:26 p.m., WFF called (301) 617-9577 and spoke with someone who stated that he and Talisha Robinson were filing for bankruptcy, and gave him the Maryland case number, 10-24451. *Id.* Because of the bankruptcy, calls were ceased to (301) 617-9577. *Id.* On September

---

[1] Exhibit 1 is a printout from WFF's system, showing activity on the Robinson file. It has been redacted to protect client confidentiality.

1, 2010, WFF closed the Robinson file. *Id.* WFF's records do not reflect that anyone at (301) 617-9577 instructed WFF to cease calling, but in any event, after the second call that was made, no further calls were ever made to (301) 617-9577. *Id.*

After Plaintiff filed his Amended Complaint, which for the first time revealed his alleged telephone number, WFF conducted another public records search on Lexis to again verify ownership of (301) 617-9577. *Id.* For a second time, the search confirmed that (301) 617-9577 is an active listing for "T. Robinson" - not Gregory Patterson, the Plaintiff herein. *Id.; see also* Exhibit 2, attached hereto. At no time does Plaintiff allege that WFF claimed that he owed a debt, or that WFF attempted to collect a debt from him. *See* Amended Complaint. At no time does Plaintiff allege that he owed any money to a creditor or that WFF claimed that he did. *Id.* Additionally, it is clear that when WFF called (301) 617-9577, its employee did actually speak with someone intimately familiar with Talisha Robinson, because they provided WFF with Talisha Robinson's bankruptcy case number. *See* Exhibit 3, attached hereto.

## II. THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### 1. Standard of Review

A motion to dismiss pursuant to Federal Rule 12(b)(6) for failure to state a claim, tests the legal sufficiency of the complaint. *Roginsky v. Blake*, 131 F. Supp. 2d 715, 718 (D. Md. 2000)(*citing, Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *Randall v. U.S.*, 30 F.3d 518, 522 (4th Cir. 1994); *United Mine Workers*, 609 F.2d at 1085 (4th Cir. 1979)). In examining a complaint for sufficiency under a 12(b)(6) motion, the court must "accept that the well-pled

allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Dean v. Beckley*, U.S. Dist. LEXIS 105007 *4 (D. Md. 2010)(*quoting, Ibarra v. U.S.*, 120 F.3d 472, 474 (4th Cir. 1997)). A complaint will not survive a motion to dismiss for failure to state a claim if the facts as alleged fail to support a viable legal theory. *Roginsky*, 131 F. Supp. at 718, *citing, Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n] - 'that the pleader is entitled to relief.'" *Dean*, U.S. Dist. LEXIS 105007 *5, *quoting, Ashcroft v. Iqbal*, U.S. , 129 s. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)(quoting Fed. R. Civ. P. 8(a)(2)). For the reasons stated herein, Plaintiff's Amended Complaint fails to support viable legal theories, and therefore, he is not entitled to the relief as claimed under the Fair Debt Collection Practices Act. Each of the other alleged causes of action were filed under the Court's supplemental jurisdiction. *See* Amended Complaint at ¶ 2. However, because the federal cause of action in Count I must fail, the Court should also dismiss each of the other causes of action, Counts II, III, IV, pursuant to 28 U.S.C. § 1367 (c)(3).

Because WFF has submitted evidence that is outside of the pleadings, the Court may consider this Motion as a request for a summary judgment under Rule 56. Fed. R. Civ. P. 12 (d). A motion for summary judgment will be granted if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party bears the burden of proof, with the facts alleged construed in the light most favorable to the non-moving party. *Id.; see also, U.S. v. Diebold*, 369 U.S. 654, 655 (1962).

## 2. THE AMENDED COMPLAINT FAILS TO SET FORTH VIABLE CAUSES OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

In Count I of his Amended Complaint, Plaintiff alleges various violations of the Fair Debt Collection Practices Act ("FDCPA"). *See* Amended Complaint at ¶¶ 19 - 28. Each alleged violation cites to a different section of the FDCPA. *Id.* Factually, each allegation directly relates to the Plaintiff's claim that WFF made telephone calls to him, and most are premised on Plaintiff's declaration that he is a "consumer" within the meaning of the FDCPA. *Id.*

To begin, Plaintiff is not a "consumer" within the meaning of the FDCPA. Pursuant to 15 U.S. C. 1692 a (3), a "consumer" means any natural person obligated or allegedly obligated to pay any debt." In his Amended Complaint, the Plaintiff alleges that WFF called him looking for Telishia Robinson. *Id.* at ¶ 12. At no time does Plaintiff allege that WFF attempted to collect a debt from him, nor does he allege that he is obligated to pay a debt. *See* Amended Complaint at ¶¶ 4 - 28. Accordingly, each allegation which requires status of the Plaintiff as a "consumer" within the meaning of the FDCPA necessarily fails, and should be dismissed. *See* Amended Complaint at ¶¶ 22, 23, 24, 25, 26.

Paragraphs 22, 23, 24, 25, 26 each alleges a violation of 15 U.S. C. 1692g. Each of these provisions states that "[w]ithin five days of the initial communication...a debt collector shall...send the consumer a written notice...." 15 U.S. C. 1692g (a) (1, 2, 3, 4, 5). Because a violation of each these provisions requires that Plaintiff hold status as a "consumer," which he does not, these causes of action fail, and should be dismissed.

Regarding Plaintiff's allegation that WFF violated 15 U.S. C. 1692e (10) by employing false and deceptive means to collet a debt, the Amended Complaint is completely void of any

such allegations. *See* Amended Complaint. There is not one allegation in the Amended Complaint that WFF used any false or deceptive means to collect a debt. *Id.* To the contrary, as WFF sets forth in its Statement of Facts above, it verified the ownership of the telephone number as belonging to T. Robinson, and called the number twice in an attempt to contact her. Plaintiff's bald allegation is not supported by any facts and therefore, cannot survive a test of its legal sufficiency. As such, this alleged violation fails, and should be dismissed. 15 U.S. C. 1692e (10); *See* Amended Complaint at ¶ 21.

The final FDCPA violation alleged by Plaintiff is that WFF "caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass" in violation of 15 U.S. C. 1692d(5). *See* Amended Complaint at ¶ 20. However, the only "facts" that Plaintiff alleges to support his claim is his statement that WFF called his telephone number over 100 times in the past year, "looking for a Telishia Robinson." *See* Amended Complaint at ¶¶ 12 - 14. Thus, through the Plaintiff's own admission, when WFF called (301) 617-9577, its intent was not to annoy and harass Plaintiff, but was to speak with Talisha Robinson. Indeed, the public records search completed by WFF demonstrates that the telephone number (301) 617-9577 is registered to "T. Robinson" and not to Plaintiff[2]. *See* Affidavit of Steven Myers and Exhibit 2. Additionally, Plaintiff alleges only one telephone conversation with a representative of WFF, in which he claims he stated that he did not know a Telishia Robinson. *See* Amended Complaint at ¶ 13. No harassing or annoying conversation or content is even

---

[2] If the results of the Lexis public records search conducted by WFF is accurate, and the telephone number (301) 617-9577 is registered to T. Robinson, then it calls into question Plaintiff's allegations that (301) 617-9577 is his telephone number, or that he does not know a Telishia Robinson. *See* Amended Complaint at ¶¶ 12, 13.

alleged. *Id.* Therefore, because the allegations of the Amended Complaint demonstrates that WFF's intent was to locate Talisha Robinson, and not to annoy and harass Plaintiff, this cause of action should be dismissed for failure to state a claim.

Furthermore, although Plaintiff alleges that WFF called his telephone number over 100 times in the past year, he does not provide any detail, nor does he substantiate his allegations. The Amended Complaint is totally void of any specific facts; he fails to set forth any dates, times, length, content, pattern, or phone records to support his allegation. Contrary to Plaintiff's bald allegation, however, WFF has produced its internal records showing all activity on its Robinson file, as confirmed under oath through the Affidavit of Steven Myers. *See* Affidavit of Steven Myers and Exhibit 1. This evidence shows that only two calls were ever made by WFF to (301) 617-9577. *Id.*

For a viable cause of action under this section of the FDCPA, the courts examine both the volume and pattern of calls made. *Akalwadi, v. Risk Management Alternatives, Inc.*, 336 F. Supp. 2d 492, 505 (D. Md. 2004). Some examples where calls were found to be actionable as harassing or annoying, include six calls within twenty-four minutes, or calling back immediately after the previous call was terminated. *Id.* at 505 -06(*citing, Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1453 (D. Nev. 1994); *Bingham v. Collection Bureau, Inc.*, 505 F. Supp 864, 873 (D.N.D. 1981)). However, Plaintiff sets forth no evidence off the 100 calls, or other conduct such as is described by the *Kuhn* or *Bingham* courts. And as stated above, WFF presents evidence under oath that only two calls were made to this number. As such, this is not a viable cause of action and it should be dismissed.

### III. THE STATE LAW CLAIMS SHOULD BE DISMISSED

#### 1. Only a Live Person Called the Subject Telephone Number

For Count III of the Amended Complaint, Plaintiff alleges that WFF violated every provision of the Telephone Consumer Protection Act ("TCPA") codified at 47 U.S.C. § 227, *et seq*. *See* Amended Complaint at ¶¶ 34 - 36. Plaintiff claims that WFF used an "artificial or prerecorded voice to deliver a message...." *Id.* However, WFF's evidence shows that only a live person made the two calls to the telephone number (301) 617-9577. *See* Affidavit of Steven Myers. Because no calls to the subject telephone number were made by an artificial or prerecorded voice, there can be no violation of the TCPA as alleged, therefore, this Count should be dismissed.

#### 2. Because the FDCPA Claims Fail, the State Law Claims Should Also be Dismissed

Additionally, Counts II, III and IV of the Amended Complaint, Violations of the Maryland Consumer Debt Collection Act, Violations of the Telephone Consumer Protection Act, and Invasion of Privacy by Intrusion Upon Seclusion, are each state law claims which are now before the Court under its supplemental jurisdictional powers. 28 U.S.C. § 1367.

Although Count III, Violations of the Telephone Consumer Protection Act, 47 U.S. C. § 227, may appear to confer jurisdiction on the federal courts, it is actually a claim that must be brought in state court. Pursuant to 47 U.S. C. § 227(b)(3), "...[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State...." 47 U.S. C. § 227(b)(3). "At first blush, Congress's statutory scheme of creating a private cause of action for violation of a federal law, but requiring that such private cause of

action be pursued only in state courts, seems like an oddity...[but] the concept is not new even though it may have fallen intodisuse in recent times." *See Worsham v. Fairfield Resorts, Inc.*, 188 Md. App. 42, 47, 981 A.2d 24 (2009)(*quoting, Levitt v. Fax.com, Inc.*, 383 Md. 141, 857 A.2d 1089 (2004). Citing *Ponte v. Investors' Alert*, 382 Md. 689, 857 A.2d 1 (2004), the court in *Worsham* reiterated the legislative history of the TCPA, in which Congress made it clear that it intended for the States, which did not have jurisdiction over interstate calls, to make it easy for consumers to bring actions under the TCPA in State courts, with state legislators determining venue. *Worsham*, 188 Md. App. at 48 - 50. Thus, in Maryland, the question of which court an action under the TCPA could be brought does not contemplate state court versus federal court, but would be in either a state circuit or district court, depending upon the amount in controversy, as set forth in the Courts and Judicial Proceedings Article. *Id.* at 51, *citing Ponte*, 382 Md. at 719.

Therefore, without deciding the merits of the state law claims, once the FDCPA claims are dismissed, this Court may exercise its discretion and dismiss the state law claims brought under Counts II, III, IV of the Amended Complaint, pursuant to 28 U.S.C. § 1367 (c)(3). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if...the district court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367 (c)(3); *see also Aldana v. Fresh Del Monte Produce, Inc.*, 305 F. Supp. 2d 1285 (S.D. Fla. 2003).

## IV. CONCLUSION

For the reasons as explained above, the Amended Complaint should be dismissed

pursuant to Rule 12(b)(6) for failure to state a claim, and alternatively, pursuant to Rule 56, the court should grant a summary judgment in favor of Defendants.

January 13, 2011                                   Respectfully submitted,

                                                   WEINSTOCK, FRIEDMAN
                                                   & FRIEDMAN, P.A.



                                                   _____/s/ Sidney S. Friedman_____
                                                   Sidney Friedman
                                                   Federal Bar No.: 00350
                                                   ssf@weinstocklegal.com
                                                   _____/s/ Rosemary E. Allulis_____
                                                   Sidney Friedman
                                                   Federal Bar No.: 00350
                                                   ssf@weinstocklegal.com
                                                   Rosemary E. Allulis
                                                   Federal Bar No.: 26625
                                                   rea@weinstockfriedman.com
                                                   4 Reservoir Circle
                                                   Baltimore, Maryland 21208
                                                   (410) 559-9000
                                                   (410) 559-9009 Fax
                                                   Attorneys for Weinstock, Friedman & Friedman, P.A., Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2011, the foregoing was served via the Court's electronic filing service upon:

Forrest E. Mays
1783 Forest Drive, Suite 109
Annapolis, Maryland 21401

/s/ Sidney S. Friedman
Sidney Friedman
Federal Bar No.: 00350
ssf@weinstocklegal.com

/s/ Rosemary E. Allulis
Rosemary E. Allulis
Federal Bar No.: 26625